IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

TRUSTEES of the CHICAGO REGIONAL
COUNCIL OF CARPENTERS PENSION
FUND, et. al.

        Plaintiffs,

vs.

PAN AMERICAN CONCRETE COMPANY
and DAVID J. FERNANDEZ, JR

        Defendants.

Case No. 18-cv-04754

Hon. Edmond E. Chang

### DEFENDANT, DAVID J. FERNANDEZ, JR., MOTION TO VACATE ENTRY OF DEFAULT AND FOR LEAVE TO FILE RESPONSIVE PLEADING

Defendant, David J. Fernandez, Jr., through his attorneys, Jordan A. Finfer and Alec J. Losh of Patzik, Frank & Samotny Ltd., seeks an order vacating the entry of default entered against him and for leave to file his responsive pleading to Plaintiffs' Complaint. In support of this motion, Mr. Fernandez states as follows:

1. On July 1, 2018, Plaintiffs filed their Complaint against Pan American Concrete Company and Mr. Fernandez. Dkt. 1.

2. Mr. Fernandez was served on July 31, 2018. Dkt. 7.

3. Mr. Fernandez's responsive pleading was due on August 21, 2018. Dkt. 7.

4. On August 23, 2018, the Court entered an order of default. Dkt. 9.

5. The Court ordered that Plaintiff's motion for default judgment be filed by September 14, 2018. Dkt. 9.

6. Mr. Fernandez seeks to vacate the August 23 default and requests leave to file his responsive pleading to Plaintiffs' Complaint.

7. Plaintiff requests an additional 21 days to answer or otherwise plead to Plaintiff's Complaint.

8. This Court has the discretion to set aside a default for good cause pursuant to Fed. R. Civ. P. 55(c). The Seventh Circuit, "has a well-established policy favoring a trial on the merits over a default judgment." *C.K.S. Engineers, Inc. v. White Mountain Gypsum Co.*, 726 F.2d 1202, 1205 (7th Cir. 1984). Pursuant to Fed. R. Civ. P. 60(b), this Court can set aside an order upon a showing of good cause, including "mistake, inadvertence, surprise, or excusable neglect." Default judgments should be set aside where 1) the moving party alleges a meritorious defense to the action; 2) the default was not willful, and 3) the moving party acts with reasonable promptness. *See Anilina Fabrique de Colorants v. Aakash Chemicals & Dyestuffs, Inc.*, 856 F.2d 873, 879 (7th Cir. 1988).

9. In this case, this motion to vacate the entry of default and for extension of time is not made for any improper purposes. To begin with, Mr. Fernandez's failure to timely respond to the Complaint was not willful. Mr. Fernandez recently retained Mr. Finfer to respond to Plaintiffs' Complaint. Unfortunately, Mr. Fernandez and counsel have not had the opportunity to have meaningful discussions and review records related to the facts alleged in the Complaint. This is, in part, due to the fact that during this time, Mr. Finfer has been in the process of transitioning from his previous firm to Patzik, Frank & Samotny Ltd.

10. Further, Mr. Fernandez has acted with reasonable promptness in filing this motion. Mr. Fernandez recently retained Mr. Finfer, and, within one week of the Court's entry of default, Mr. Fernandez filed this motion.

11. Finally, a review of the Complaint shows that Plaintiffs have not identified the amount of damages sought due to Defendants' purported breaches of a purported collective

bargaining agreement. Because Plaintiffs have not identified the amount of damages sought, including the purported amount of dues and fringe benefit contributions owed as well as purported liquidated damages owed on previously paid amounts, Mr. Fernandez anticipates having meritorious defense related to the amount claimed.

WHEREFORE, Defendant, David J. Fernandez, Jr, respectfully requests that this Court grant this motion and enter an order a) vacating the Court's August 23, 2018 entry of default; b) granting David F. Fernandez Jr. 21 days to file his responsive pleading to Plaintiffs' Complaint; and c) granting such other relief as this Court deems appropriate under the circumstances.

August 30, 2018                                  Respectfully submitted,

                                                 DAVID J. FERNANDEZ, JR.

                                         By:     s/ Jordan A. Finfer
                                                 Jordan A. Finfer
                                                 One of his Attorneys

                                                 Alec J. Losh
                                                 Patzik, Frank & Samotny Ltd.
                                                 200 S. Wacker Drive, Suite 2700
                                                 Chicago, IL 60606
                                                 312/551-8300
                                                 312/205-4455 (Fax)
                                                 jfinfer@pfs-law.com
                                                 alosh@pfs-law.com

3

## **CERTIFICATE OF SERVICE**

  I electronically filed the foregoing paper on August 30, 2017 with the Clerk of the Court using the ECF system, which will forward a copy to all Counsel of Record in the above referenced matter.

                Respectfully submitted,

                FOR DEFENDANT

             By:/s/ Jordan A. Finfer
                One of his attorneys